IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2001

## STATE OF TENNESSEE v. KRISTINE KUHNE

**Direct Appeal from the Circuit Court for Blount County**
**No. C-12548      D. Kelly Thomas, Jr., Judge**

_____

**No. E2000-02269-CCA-R3-CD**
**October 4, 2001**
_____

The defendant pled guilty in the Blount County Circuit Court to assault, a Class A misdemeanor, and was sentenced to eleven months and twenty-nine days. The trial court ordered a split confinement with thirty days in jail, and the balance to be served on probation. In this appeal as of right, the defendant argues that the trial court erred in denying her full probation. After careful review, we affirm the defendant's sentence but remand the matter to the trial court for entry of a corrected judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgment**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Raymond Mack Garner, District Public Defender, and George H. Waters, Assistant District Public Defender, for the appellant, Kristine Kuhne.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; Michael L. Flynn, District Attorney General; and William R. Reed, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Kristine Kuhne, pled guilty to assault of a resident of the nursing home where she was employed. Pursuant to the plea agreement, the length and manner of service of the sentence were submitted to the trial court for determination. Following a sentencing hearing, the trial court imposed a sentence of eleven months and twenty-nine days, finding one enhancement factor: that the victim was particularly vulnerable because of age, or physical or mental disability. See Tenn. Code Ann. § 40-35-114(4). As to the manner of service of the sentence, the court ordered the defendant to serve thirty days in confinement, in two two-week periods, with the balance to be served on probation.

# DISCUSSION

At the time of the assault, the defendant was a nineteen-year-old high school graduate trying to enter nursing school. At the sentencing hearing, she testified that she had been working at Asbury Acres Health Care Center since her graduation in May 1999. The defendant said that she was working the evening shift on February 17, 2000, at Asbury Acres where the victim, Bernice Henry, a seventy-nine-year-old Alzheimer's patient, resided. As part of her duties that evening, the defendant gave the victim a shower and put her to bed. She then proceeded to make her daily rounds. When she later returned to the victim's room, she noticed that the victim had vomited in her bed. She notified the nurse on duty and then sat the victim up in her bed and began changing her gown. The defendant testified that because the victim was "screaming and wiggling," the defendant pulled her hair to raise her head up and then dropped her. The side of the victim's face hit the bed rail as she fell. The defendant finished dressing the victim and left the room. The defendant said that she came back to the victim's room thirty minutes later to check on her, and that the victim "looked fine" to her but complained of a headache. At the end of her shift, the defendant left work without reporting the incident.

The defendant explained that, at the time of the assault, she had been under a great deal of stress as a result of failing a test when trying to enter nursing school and from her frustration with her co-workers who would not help her with her overwhelming workload. She said that she was "just fed up" with her job and lost control of herself when she assaulted the victim.

The defendant's parents, Edwin and Roberta Kuhne, testified on her behalf. They indicated that their daughter had never been in trouble and that the assault incident was a shock to them. The defendant's father testified that the defendant had been very upset since the incident, and that she understood that it should not have happened. Mr. Kuhne said that the employees of the nursing home "were under a lot of tension" and were "treated badly."

As its only witness, the State called Willard Henry, the victim's son. He testified that the nursing home called him after the incident and that he went directly to the hospital emergency room where he found his mother with "a large bruise," her nose "all out of shape," and "[b]oth eyes were black and she was in terrible-looking shape." He further testified that his mother had been heavily sedated prior to the assault and was "completely unable to do anything for herself" and "[u]nable to defend herself whatsoever." He said that his mother appeared to be "almost comatose" as a result of the medication she had been given.

## ANALYSIS

### Standard of Review

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App. 1987).

The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169. In this case, the defendant has the burden of illustrating the sentence imposed by the trial court is erroneous.

### Probation

The sole issue on appeal is whether the trial court erred in not granting full probation. The defendant contends that the trial court misapplied the sentencing consideration concerning "depreciating the seriousness of the offense" to the facts of the case.

Tennessee Code Annotated Section 40-35-303(a) states that a defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed upon the defendant is of eight years or less. Even if eligible, however, the defendant is not automatically entitled to probation as a matter of law. See Tenn. Code Ann. § 40-35-303(b). The burden is upon the defendant to show that he is a suitable candidate for probation. State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-303(b). In order to meet this burden, the defendant "must demonstrate that probation will

'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. Bingham, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. Goode, 956 S.W.2d at 527.

Misdemeanor sentencing guidelines are codified at Tennessee Code Annotated Section 40-35-302(d) which provides, in pertinent part:

> In imposing a misdemeanor sentence, the court shall fix a percentage of the sentence which the defendant shall serve. . . . In determining the percentage of the sentence to be served in actual confinement, the court shall consider the purposes of this chapter, the principles of sentencing, and the enhancement and mitigating factors set forth herein, and shall not impose such percentages arbitrarily.

The statutory presumption favoring an alternative sentence is limited to Class C, D, and E felonies. See Tenn. Code. Ann. § 40-35-102(6). The defendant appears to argue that her misdemeanor conviction entitles her to the same presumption: "[I]t is only reasonable to conclude that one convicted of a class A misdemeanor is clothed with the same presumption as those convicted of more serious offenses (class C, D, & E felonies)." In fact, this contention has been specifically rejected by this court:

> Contrary to the appellant's assertion, he is not entitled to the statutory presumption regarding alternative sentencing. Tenn. Code Ann. § 40-35-102(6) (1990). The presumption is limited in scope to an accused who is convicted of a Class C, D or E felony. It does not apply to an accused convicted of a misdemeanor. State v. Creasy, 885 S.W.2d 829, 832-33 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1994).

State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995). Thus, unlike in the cases cited by the defendant in support of her claim that she was entitled to probation of the entire sentence, she was not entitled to a statutory presumption to that effect.

Trial courts have more flexibility in misdemeanor sentencing than in felony sentencing. State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999), perm. to appeal denied (Tenn. 2000). Further, in sentencing a misdemeanant, the court need not make explicit findings of enhancement

and mitigating factors as in a felony case.  State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1999).

The presentence report reflected that the defendant had no prior criminal record.  She had a high school diploma and was enrolled full-time at the Knoxville Business College.  She was also employed and worked about twenty-five hours a week.   At the sentencing hearing, the defendant denied using any alcohol or illegal drugs and expressed remorse to the victim's family for her actions.  She also stated that she had been prohibited by the Tennessee Department of Health from ever working in the medical field again.

In considering the facts surrounding the offense, the trial court found in mitigation that a sustained intent to violate the law did not motivate the defendant's conduct.  The court, however, found that pursuant to Tennessee Code Annotated Section 40-35-114, some enhancement factors were present.  The court further stated:

> You are presumed to be a favorable candidate for alternative sentencing under the theory of the act, as opposed to a straight sentence of confinement.  And I don't think there is anything that has disproven that.  There are enhancing factors present.  One of those is that the victim in this case was particularly vulnerable of her age and also because of her physical condition, which I think nobody disagrees with that.

Enhancement under factor (4), that the victim was "particularly vulnerable because of age or physical or mental disability," Tenn. Code Ann. § 40-35-114(4), looks to physical and mental limitations, as well as the victim's age.  State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). "Particularly vulnerable" in this context means incapable of resisting, summoning help, or testifying against the perpetrator.  Id.  The son of the elderly victim clearly testified that the victim had been heavily sedated prior to the assault and could not defend herself.  The victim also suffered from Alzheimer's disease and was totally dependent upon others for her care.

Our review of misdemeanor sentencing, unlike that for a felony, is to determine whether the trial court considered the purposes of the Criminal Sentencing Reform Act, the sentencing principles, and the enhancement and mitigating factors and did not impose an arbitrary sentence.  It is clear that the trial court did so in setting the defendant's sentence and in requiring that it be suspended except for two two-week blocks, scheduled so as not to be disruptive to the defendant's school schedule. The trial court acted within its discretionary authority in determining that the defendant should serve a minimum jail sentence given the facts of the case, especially, as the court found, because of the particular vulnerability of the victim.  See Bingham, 910 S.W.2d at 456 ("Denial of probation may be based solely upon the circumstances of the offense when they are of such a nature as to outweigh all other factors favoring probation.").  It also found that some jail time was appropriate to avoid depreciating the seriousness of the offense.  See Tenn. Code Ann. § 40-35-103(1)(B).  We cannot conclude that the trial court abused its discretion in making this determination.

Having concluded that the defendant's sentence was appropriate, we remand the matter for entry of a corrected judgment, in view of the apparent variance between the transcript of the sentencing hearing and the judgment. Although, according to the transcript, the defendant was to serve a total of thirty days "in two two-week blocks between [ ] school terms," which we interpret to mean two fifteen-day blocks, the judgment provides, as a special condition: "[Defendant] is to be allowed to serve the 30 day jail sentence between school terms." The judgment does not provide that the confinement be split, as the trial court ordered. In such a case, the transcript controls. See State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). Accordingly, we remand for entry of a corrected judgment.

## CONCLUSION

It is clear from the trial court's comments that consideration was given to the appropriate principles, and that the sentence was not arbitrary. Accordingly, we affirm the judgment of the trial court but remand for entry of a corrected judgment.

_____
ALAN E. GLENN, JUDGE